BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
C. SALVATORE D'ALESSIO, Jr.
Director, Torts Branch
RICHARD MONTAGUE
Senior Trial Counsel
BRIAN J. BOYD
Trial Attorney (NY Bar # 5562582)
175 N St. NE, 7th Floor
Washington, DC 20002
Tel: (202) 616-4142
Fax: (202) 616-4314
E-Mail: Brian.J.Boyd@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT AND AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 24CV0033 BAS DDL<br><br>**DEFENDANT UNITED STATES OF AMERICA'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

Defendant United States of America moves under Federal Rules of Civil Procedure 6(b)(1), that the Court issue an order specifying and extending the time for the United States to respond to Plaintiff's complaint to 30 days after resolution of Defendant's motion

to transfer venue, under 28 U.S.C. § 1404(a). As set forth in the accompanying Declaration of Brian J. Boyd, filed concurrently herewith, Plaintiff opposes this motion.

Rule 6(b)(1) specifically allows that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Here, good cause exists for the requested extension of time, and the request is made before the original time expires.

On January 5, 2024, Plaintiff filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1); 2671-2680. Plaintiff alleges negligent or wrongful acts or omissions by United States Capitol Police officers and other Washington, D.C.-based federal officials during the January 6, 2021, attack on the U.S. Capitol in Washington, D.C., in which Ms. Ashli Babbitt was killed. [ECF 1]. Plaintiff served a summons and complaint on the United States Attorney on January 17, 2024. The United States must respond to the complaint on or before March 18, 2024. *See* Fed. R. Civ. P. 12(a)(2). The United States anticipates filing a motion to dismiss some of the claims.

On March 1, 2024, the United States filed a motion under 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the District of Columbia for the convenience of the parties and witnesses, and in the interests of justice. Federal courts encourage parties seeking venue transfers to "act with reasonable promptness," *Cisco Sys., Inc. v. Dexon Computer, Inc.*, No. 20-CV-04926-CRB, 2023 WL 3032061, at *4 n.2 (N.D. Cal. Apr. 21, 2023) (internal quotation marks and citation omitted), and to file their section 1404(a) transfer motions "'as soon as the inconvenience becomes apparent, preferably with or before the first responsive pleading." *Caldwell v. Compass Ent. Grp., LLC*, No. 2:12CV000458-APG-GWF, 2014 WL 12610242, at *5 (D. Nev. Oct. 17, 2014) (quoting *Am. Dental Med. Tech., LLC v. A.K. Rubber Prod. Co ., Inc.*, No. CV-08-103-LRS, 2008 WL 5429655, at *3 (E.D. Wash. Dec. 31, 2008); *Silver Valley Partners, LLC v. De Motte*, No. C05-5590 RBL, 2006 WL 2711764, at *5 (W.D. Wash. Sept. 21, 2006). Prompt filing and decision on venue transfer motions prevents parties and courts from

"expend[ing] time and effort that might be wasted upon transfer." *In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010). Accordingly, the United States noticed its venue transfer motion for hearing on April 8, 2024. [ECF 5]. An extension of time for the United States to respond to the complaint is therefore appropriate and necessary to ensure that the parties and the Court do not "expend time and effort that might be wasted upon transfer." *Wyeth*, 406 F. App'x at 477.

Under Local Civil Rule 7.1(e)(2-3), Plaintiff's opposition to the venue transfer motion is due no later than March 25, 2024, with the United States' reply due by April 1, 2024. But it makes little sense to require the parties to spend time, energy, and resources briefing a dismissal motion before knowing in which venue the case will proceed. Absent an extension of time, the parties must brief the dismissal motion before the noticed hearing date for the motion to transfer venue. But should the Court grant the venue transfer motion, the resources expended on briefing the dismissal motion quite possibly would be wasted. *See, e.g., Moore v. Valder*, 65 F.3d 189, 195 n.9 (D.C. Cir. 1995) (transferee district court properly revisited merits ruling of transferor court because "the district court below is bound to follow the law of *this* circuit") (citation omitted); *cf. Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, No. 13-CV-02741-BAS RBB, 2014 WL 6907801, at *1 (S.D. Cal. Dec. 8, 2014) (Bashant, J.) (granting Section 1404 motion to transfer case to Georgia and denying as moot defendants' pending motions to dismiss). Upon transfer to the District of Columbia, the parties would then need to duplicate efforts and file new briefs addressing different circuit precedent. *E.g., Moore*, 65 F.3d at 195 n.9. The potential waste of party time and resources is avoided by extending the United States' deadline to respond to the complaint to not later than 30 days after the Court decides the motion to transfer venue. The requested extension thereby ensures the conservation of party resources and promotes judicial efficiency. *Wyeth*, 406 F. App'x at 477. Thus, good cause exists to grant it.

Accordingly, the United States respectfully requests that the Court issue an order establishing that the United States shall file its response to the complaint not later than 30 days following the Court's decision on the motion to transfer venue, ECF 5.

DATED: March 1, 2024       Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, Jr.
Director, Torts Branch

RICHARD M. MONTAGUE
Senior Trial Counsel

SARAH E. WHITMAN
Senior Trial Counsel

JOSEPH A. GONZALEZ
Trial Attorney

By:  */s/ Brian J. Boyd*
BRIAN J. BOYD
Trial Attorney
U.S. Department of Justice, Civil Division
Torts Branch, Constitutional Torts Section
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
(202) 616-4142
Brian.J.Boyd@usdoj.gov