BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
C. SALVATORE D'ALESSIO, Jr.
Director, Torts Branch
RICHARD MONTAGUE
Senior Trial Counsel
BRIAN J. BOYD
Trial Attorney (NY Bar # 5562582)
175 N St. NE, 7th Floor
Washington, DC 20002
Tel: (202) 616-4142
Fax: (202) 616-4314
E-Mail: Brian.J.Boyd@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT AND AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 24CV0033 BAS DDL<br><br>**DECLARATION OF BRIAN J. BOYD IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** |

# DECLARATION OF BRIAN J. BOYD

Under 28 U.S.C. § 1746, I, Brian J. Boyd, declare:

1. I am a Trial Attorney employed by the United States Department of Justice, and I am currently one of the attorneys with responsibility for the defense of the United States of America in the proceeding before this Court in the case of *Estate of Ashli Babbitt v. United States*, No. 24CV0033 (S.D. Cal.). I therefore have personal knowledge of the matters stated herein and could and would competently testify thereto, if called upon as a witness.

2. I make this declaration in support of Defendant's *Ex Parte* Application for an Extension of Time to Respond to Plaintiff's Complaint.

3. On January 5, 2024, Plaintiff filed his complaint in this Court, asserting seven claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1); 2671-2680. Plaintiff alleges negligent or wrongful acts or omissions by United States Capitol Police officers and other Washington, D.C.-based federal officials during the January 6, 2021, attack on the U.S. Capitol in Washington, D.C., in which Ms. Ashli Babbitt was killed. [ECF 1]. The United States Attorney was served with the summons and complaint on January 17, 2024, and the United States must respond to the complaint on or before March 18, 2024. *See* Fed. R. Civ. P. 12(a)(2).

4. On February 22, 2024, I contacted Plaintiff's counsel Robert Sticht, by email, requesting to have a meet-and-confer regarding the United States' anticipated filing of a motion to transfer venue to the United States District Court for the District of Columbia, under 28 U.S.C. § 1404(a), and to discuss the United States' timing for responding to the complaint.

5. On February 23, 2024, Mr. Sticht and I held a meet-and-confer via telephone regarding the United States' motion to transfer venue, in compliance with this Court's Standing Order. After thoroughly discussing the grounds for the United States' motion to transfer venue, Mr. Stitch stated that the Plaintiff would oppose the motion.

6. I then requested Plaintiff's position on filing a joint motion for extension of time for the United States to respond to the complaint. I explained that the United States' response to the complaint was currently due March 18, 2024, and that the United States planned to move to dismiss some of the claims. But in light of the venue transfer motion, it would preserve the parties' time, energy, and resources, and promote judicial efficiency, for the Court to first resolve the transfer motion—and thereby determine in which venue the case would proceed—before the parties briefed a dismissal motion. I proposed that the United States' response to the complaint should be due 30 days after the Court resolves the motion to transfer venue.

7. Mr. Sticht acknowledged the United States' proposal was sensible, but expressed concern about the delay that such an extension could have on moving the case forward. He stated that he wanted to further consider the extension request and that we would speak further about it in a few days.

8. On February 27, 2024, I emailed Mr. Sticht requesting his position on filing the joint motion for extension of time. In that email, I advised that the United States was planning to file its motion to transfer venue on March 1, 2024—the earliest date permitted under the Court's Standing Order, which requires parties to complete a meet and confer conference at least seven days prior to the filing of the motion—and that to minimize delay the United States was willing to notice the hearing on that motion for the earliest possible time, which is April 1, 2024. I reiterated that absent an extension, the parties would be required to brief a dismissal motion before knowing in which venue the case would proceed, and that doing so could potentially waste the parties' time, energy, and resources should the transfer motion be granted.

9. Mr. Sticht responded to this email on February 29, 2024, advising that Plaintiff opposed our proposed joint motion for extension of time because venue was proper in this Court. He requested, however, that the United States notice its motion to transfer no sooner than April 8, 2024, due to his prior commitments and deadlines.

10. The United States filed its motion to transfer venue on March 1, 2024, and noticed the hearing for April 8, 2024. [ECF 5].

11. I have complied with Local Rule 83.3(g) and this Court's Standing Order regarding *Ex Parte* Motions and Orders before filing this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of March, 2024, in Washington, D.C.

>*/s/ Brian J. Boyd*
>BRIAN J. BOYD
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice