# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No. 24-cv-0033-BAS-DDL<br><br>**ORDER GRANTING APPLICATION TO EXTEND TIME TO RESPOND (ECF No. 6)** |

　　　Pending before the Court is Defendant United States of America's application to extend time to respond to Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt's Complaint pursuant to Federal Rule of Civil Procedure 6(b)(1). (ECF No. 6.) Defendant seeks an extension of its time to respond to thirty days after the resolution of Defendant's pending motion to transfer venue (ECF No. 5). Plaintiff opposes the application for extension of time to respond. (ECF No. 7.) The Court finds Defendant's application suitable for determination on the papers submitted, without oral argument. Civ. L.R. 7.1(d)(i). Having considered the parties' submissions and finding good cause, the Court **GRANTS** Plaintiff's application to extend time to respond.

  Federal Rule of Civil Procedure 6(b)(1) states "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." According to the Ninth Circuit, "good cause" is a "non-rigorous standard that has been construed broadly." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the deadline has passed should therefore "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

  Defendant's original deadline to respond to Plaintiffs' Complaint is March 18, 2024. Defendant lodged the instant application on March 1, 2024. (ECF No. 6.) Because Defendant's request was made before its original time to respond has elapsed, the Court may extend its time to respond if good cause presents. The Court finds good cause. First, Plaintiff has not identified any prejudice that would result from the extension. Second, extending Defendant's time to respond may reduce duplicative briefing due to differences in precedent between the matter's current venue and the proposed transfer venue. Judicial economy and resource waste offer good reasons to extend Defendant's time to respond. Contrary to Plaintiff's opposition, Defendant need not identify specific differences in precedent for there to be a possibility of duplicative briefing.

  Plaintiffs oppose Defendant's application asserting Defendant is treating its motion to transfer as inevitably granted or a "fait accompli." (ECF No. 7 at 3–9.) The Court has not yet ruled on Defendant's motion to transfer. Rather, it is precisely because the motion to transfer has not been adjudicated that good cause presents by avoiding potentially duplicative briefing.

  Accordingly, the Court **GRANTS** Defendant's application to extend time to respond. Defendant must answer or otherwise respond to Plaintiff's Complaint no later than 30 days after the Court resolves Defendant's motion to transfer.

  **IT IS SO ORDERED.**

**DATED: March 7, 2024**

Hon. Cynthia Bashant
United States District Judge