# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 24-cv-0033-BAS-DDL<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br>**(ECF No. 5)** |

Pending before the Court is Defendant the United States of America's motion pursuant to 28 U.S.C. § 1404(a) to transfer venue to the District of Columbia. (ECF No. 5.) Plaintiffs Aaron Babbitt and the Estate of Ashli Babbitt oppose. (ECF No. 9.) The Court finds Defendant's motion suitable for determination on the papers submitted, without oral argument. Civ. L.R. 7.1(d)(i). Having considered the parties' submissions and for the reasons herein, the Court **GRANTS** Defendant's motion to transfer venue.

**I.      BACKGROUND**

This case arises out of the events that occurred in Washington, D.C., on January 6, 2021. According to the Complaint, Ashli Babbitt, a resident of San Diego, California,

during a riotous political demonstration, entered the Capitol building and approached the Lobby of the Speaker of the U.S. House of Representatives. After someone dislodged the glass panels in the Lobby doors, Ashli Babbitt attempted to crawl through the opening and into the Lobby. She was then shot by a U.S. Capitol Police ("Capitol Police") officer and passed away due to her injuries.

On January 5, 2024, Aaron Babbitt, Ashli Babbitt's husband and the personal representative and administrator of her Estate, filed this suit against the United States of America ("the Government") individually and on behalf of her Estate. He alleges assault, battery, wrongful death, and negligence claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.* (ECF No. 1.) The Government then filed the instant motion to transfer venue to the U.S. District Court for the District of Columbia. (ECF No. 5.)

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Courts employ a two-step framework to resolve a motion to transfer. A court first asks whether the plaintiff could have originally brought the action in the proposed transferee forum. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). If the action could have been brought there, the court then weighs "a number of case-specific factors" based in convenience and fairness to assess transfer. *Stewart Org.*, 487 U.S. at 29–30.

## III. ANALYSIS

### A. Availability of Alternative Forum

The parties do not dispute that this action "might have been brought" in the District of Columbia, but the Court must nonetheless address the issue. *See In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) (requiring courts to consider the issue *sua sponte*). "The phrase

where an action 'could have been brought' is interpreted to mean that the proposed transferee court would have subject matter jurisdiction, proper venue, and personal jurisdiction." *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12-CV-911-IEG (WMC), 2012 WL 2068728, at *2 (S.D. Cal. June 8, 2012).

The FTCA vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Before filing in federal court, the FTCA requires plaintiffs to exhaust the administrative remedies available for their claims. 28 U.S.C. § 2675(a). An administrative claim is deemed exhausted if the relevant agency denies it in writing or fails to make a final disposition on the claim within six months of its filing. *Id.*

Plaintiffs presented their claims to the Capitol Police via fax and certified mail on numerous occasions. Six months have elapsed without the Capitol Police rendering a final disposition on Plaintiffs' claims. Plaintiffs have therefore met the jurisdictional requirements of Section 2675(a). Because Defendant seeks to transfer this matter to the federal district court for the District of Columbia, the proposed transferee court has subject matter jurisdiction.

Venue for suits under the FTCA is proper "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Both parties agree the acts or omissions giving rise to this suit occurred in the District of Columbia. Venue is therefore proper in the District of Columbia. It is unassailable that the District of Columbia has personal jurisdiction over the Government. Accordingly, this action "could have been brought" in the U.S. District Court for the District of Columbia.

### B. Convenience and Fairness Factors

When an action could have been brought in the potential transferee court, a district court must decide whether transfer is appropriate. Section 1404(a) expressly identifies the following considerations in evaluating transfer: "convenience of parties," "convenience of . . . witnesses," and "the interest of justice." 28 U.S.C. § 1404(a). Although the statute identifies only these factors, courts acknowledge "*forum non conveniens* considerations are

helpful in deciding a § 1404 transfer motion." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

District courts accordingly consider the following factors to decide a motion to transfer: (1) the plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) relative court congestion and time to trial in each forum. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *Barnes & Noble, Inc. v LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011). "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin v. Glob. Tel*Link Corp.*, No. 15-CV-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013) (citations omitted).

### 1. Plaintiff's Choice of Forum

Generally, a plaintiff's choice of forum is accorded significant deference. *Decker Coal Co.*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). This is particularly true where the plaintiff resides in that chosen forum. *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1112 (9th Cir. 2020). This deference, however, is "substantially diminished" where "the conduct giving rise to the claims occurred in a different forum." *See Easton v. Wells Fargo & Co.*, No. 20-CV-02193-HSG, 2020 WL 3639934, at *3 (N.D. Cal. July 6, 2020) (quoting *Perez v. Performance Food Grp., Inc.*, No. 15-CV-02390-HSG, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6, 2017)); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").

Plaintiff Aaron Babbitt lives in San Diego, California; Ashli Babbitt previously lived in San Diego; and Plaintiffs chose to litigate in San Diego. Because the alleged tortious conduct occurred entirely in the District of Columbia, however, Plaintiffs' choice of forum is afforded less deference. *See Hinestroza v. United States*, No. CV-23-2026-MWF (MRWx), 2023 WL 6787769, at *3 (C.D. Cal. Sept. 6, 2023) (giving reduced weight to a plaintiff's choice of forum for an FTCA claim where the alleged tortious acts all occurred in Texas).

Because Plaintiff chose to file in this forum but the operative facts occurred in the District of Columbia, the Court finds this factor weighs against, but not significantly against, transfer.

### 2. Convenience of the Parties

To assess the convenience to the parties, courts first consider the duration and pendency of the litigation prior to its possible transfer. *See e.g.*, *Credit Acceptance Corp. v. Drivetime Auto. Grp., Inc.*, No. CV-13-01531 (MRWx), 2013 WL 12124382, at *2–3 (C.D. Cal. Aug. 5, 2013) (collecting cases). Transferring matters pending for a longer period of time or approaching trial is more likely to inconvenience the plaintiff. *See Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 968 (9th Cir. 1978). Second, courts consider the cost and convenience of litigating in a foreign forum. *See, e.g.*, *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009) (discussing the relative means of the parties and whether the parties have extant litigation in the foreign forum). Transfer, however, "should not be granted if the effect is simply to shift the inconvenience to the plaintiff." *Adobe Sys. Inc. v. Childers*, No. 5:10-CV-03571-JF/HRL, 2011 WL 566812, at *9 (N.D. Cal. Feb. 14, 2011) (citing *Decker Coal Co.*, 805 F.2d at 843).

With respect to delay, this matter is sufficiently nascent that Plaintiffs would not be prejudiced by transfer. The parties do not have a discovery schedule, and the Court stayed Defendant's time to respond until this motion was resolved. (ECF No. 8.) In assessing relative costs, the Government would incur greater costs by litigating outside its chosen

forum. As noted below, the majority of witnesses and physical evidence is located in or near the District of Columbia. The Government cannot merely shift the costs to Plaintiffs, however, particularly where there is a resource disparity between the parties, as is the case here.

The Government contends both parties' counsel are based in the District of Columbia such that it would be more convenient to transfer the matter. In general, however, the convenience of counsel is of no import in assessing transfer. Section 1404(a) makes no mention of the convenience to counsel. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses . . . ."). Other courts in the Ninth Circuit have found the convenience of counsel is irrelevant to assessing transfer. *See, e.g.*, *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195–96 (S.D. Cal. 2007); *Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *5 (N.D. Cal. Sept. 14, 2011); *Pralinsky v. Mut. of Omaha Ins.*, No. C-08-03191 MHP, 2008 WL 4532563, at *2 (N.D. Cal. Oct. 9, 2008). The convenience to counsel is particularly immaterial here because the Government is able to assign the case to the local U.S. Attorney's office. *See Hinestroza*, 2023 WL 6787769, at *3 (noting the U.S. Attorney's Office is capable of litigating in both Texas and Florida such that this factor does not tip the scales in either direction).

Although the cost to litigate in this forum would be higher for the Government, Defendant cannot merely shift this burden to Plaintiff. As follows, the Court finds this factor is neutral with respect to transfer.

### 3. Convenience of the Witnesses

"[T]he convenience of the witnesses is the most important consideration in determining whether to transfer venue." *Shipping & Transit LLC v. Adorama, Inc.*, No. CV 16-02149 SJO (MRWx), 2016 WL 9114146, at *3 (C.D. Cal. Aug. 23, 2016); *Am. GNC Corp. v. GoPro, Inc.*, No. 18-CV-00968-BAS-BLM, 2018 WL 6074395, at *17 (S.D. Cal. Nov. 6, 2018). In considering convenience, courts should consider "not only the number of witnesses located in the respective districts, but also the nature and quality of

their testimony in relationship to the issues in the case." *Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009) (citation omitted).

"[P]articular consideration is given to the convenience of non-party witnesses" in the transfer analysis. *Credit Acceptance Corp.*, 2013 WL 12124382, at *4 (emphasis omitted). The central consideration for non-party witnesses is whether these witnesses "are subject to compulsory process in the judicial forum where the case is being litigated so that their testimony can be compelled for trial if necessary." *Am. GNC Corp.*, 2018 WL 6074395, at *18 (citing *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011)). While videotaped deposition testimony may be available, this is disfavored such that courts consider the effect of transfer on the availability of witnesses and their live testimony at trial. *See Costco Wholesale Corp.*, 472 F. Supp. 2d at 1194 n.13.

In its motion to transfer, the Government identifies a number of non-party witnesses that it anticipates will be called to testify at trial. These include undercover Metropolitan Police Department officers and investigators, a former Capitol Police officer, fire and emergency personnel called to the scene, medical personnel who treated the deceased, and the D.C. medical examiner. Many of these witnesses are located in or around the District of Columbia, which weighs heavily in favor of transfer.

Defendant also lists many party witnesses including current Capitol Police officers, current federal agents, and an employee of the U.S. House of Representatives. Because these witnesses are party witnesses and thus subject to a degree of control by Defendant, this factor weighs less significantly in assessing transfer compared to the convenience to non-party witnesses. However, the costs, convenience, and time incurred to Defendant to make these witnesses available to testify in California are not insubstantial. As follows, the convenience to party witnesses also slants in favor of transfer.

Plaintiffs present a number of objections in response to this argument. Plaintiffs first contend because the Government previously employed Capitol Police Officer Christopher Lanciano, his testimony is subject to a degree of control by Defendant and thus should be weighed as a party witness. Courts generally consider former employees as non-party or

third-party witnesses in assessing transfer because the employer no longer exerts the same control as when the witness was employed. *See, e.g.*, *Park*, 964 F. Supp. 2d at 1095 (characterizing former employees as non-party witnesses); *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *10 (N.D. Cal. Dec. 9, 2014) (describing former employees as "third party witnesses"); *Stone v. Sterling Infosystems, Inc.*, No. CV 15-07351 SJO (PJWx), 2016 WL 11759443, at *7 (C.D. Cal. July 1, 2016) (identifying former account managers and employees as non-party witnesses). Contrary to Plaintiffs' assertions, this analysis does not change due to the Department of Justice's *Tuohy* regulations describing who constitutes an employee for its production of documents policy. *See* 28 C.F.R. §§ 16.21–26 (describing an "employee of the Department" to include all employees of the United States). Because Lanciano is no longer in the employ of the Capitol Police, he is considered a non-party witness in assessing the convenience of transfer.

Plaintiffs further challenge that non-party witnesses Zachary Alam and Chad Jones may not be located near the District of Columbia because they are awaiting sentencing. Because they may serve their sentences elsewhere, Plaintiff contends it may not be more convenient for them to transfer this action. Defendant contends incarcerated persons do not forfeit their place of residence in assessing a motion to transfer. Other courts, however, have considered the location of incarceration in weighing the convenience to the witnesses. *See, e.g.*, *Coronado v. Or. Dep't of Corr.*, No. 11-6083-HO, 2011 WL 2678845, at *2 (D. Or. June 30, 2011); *Branch v. Umphenour*, No. 1:08-CV-01655-SAB (PC), 2016 WL 7491629, at *3 (E.D. Cal. Dec. 29, 2016). Because these witnesses have not been sentenced and their location for trial is uncertain, the Court declines to consider their convenience in assessing transfer.

Plaintiffs additionally present several overarching objections to the Government's argument about witness convenience. First, Plaintiffs argue the burden of travel placed on these witnesses is mitigated by electronic means of discovery and depositions. While the Court's subpoena power is limited to witnesses within 100 miles, the ability to compel

videotaped depositions has been deemed a reasonable substitute that limits this factor's import.  *See* Fed. R. Civ. P. 45(c)(1); *see also Goff v. Nationwide Mut. Ins. Co.*, No. CV 17-7358 PSG (AFMx), 2018 WL 6003578, at *6 (C.D. Cal. Apr. 5, 2018).  The aim, however, is to minimize the risk of "trial by deposition."  *Am. GNC Corp.*, 2018 WL 6074395, at *18 (quoting *Worldwide Fin. LLP v. Kopko*, No. 1:03-CV-0428-DFH, 2004 WL 771219, at *3 (S.D. Ind. Mar. 18, 2004)).  Videotaped depositions are disfavored, and the potential availability of witnesses still weighs in assessing a possible transfer.

Second, Plaintiffs contend this matter will be a bench trial, which provides the Court with greater flexibility and discretion over the sequence of testimony compared to a jury trial.  While witnesses will have greater flexibility in testifying, a bench trial does not ultimately cure the inconvenience of witnesses having to travel or the risk that witnesses may be unavailable to provide live testimony.  A bench trial reduces but does not eliminate concerns about the convenience to witnesses.

Third, Plaintiffs advance that Defendant fails to provide the true nature and quality of these prospective witnesses' testimony such that it is impossible to determine whether these will be "key" witnesses or necessary for trial.  In filing a motion to transfer, parties are expected to provide with particularity the testimony to be offered by prospective witnesses and the convenience presented by transfer.  *See CFTC v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1120 (C.D. Cal. 1998), *aff'd*, 210 F.3d 1036 (9th Cir. 2000).  Defendant, however, need not lay out its trial strategy or prospective defenses at this juncture.  Rather, the Government must identify possible witnesses who may be called to testify, their relationship to the allegations, and how transfer would convenience them.  It has done so.

Fourth, Plaintiffs argue there are numerous other possible witnesses who saw or filmed the events on January 6, 2021, who could be called to provide testimony and are located all across the country.  For example, Plaintiffs identify Austin Harris of Grenada Hills, California, as a possible witness for trial.  While other possible witnesses may find it more convenient to testify in California, the Court cannot assess unknown hypotheticals.

To wit, it is equally plausible other witnesses may find it more convenient to testify in the District of Columbia compared to California. Because Plaintiffs fail to identify these other testifying witnesses, the Court cannot assess the convenience afforded to them by transfer. Accordingly, their impact is neutral in assessing whether to transfer this matter.

On balance, while the possibility of electronic depositions may reduce the import of this factor, the convenience to witnesses weighs substantially in favor of transfer.

### 4. Ease of Access to Sources of Proof

To assess ease of access, courts look to the location of records and documents. *See Jones*, 211 F.3d at 499; *Decker Coal Co.*, 805 F.2d at 843. Plaintiffs argue this factor is insubstantial because advances in electronic document storage, communication, and transportation lessen the burdens associated with accessing evidence. *See Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1148 (C.D Cal. 2009) (noting "advances in technology have made it easy for documents to be transferred to different locations"). Advances in electronic discovery reduce but do not vitiate these concerns. *See Am. GNC Corp.*, 2018 WL 6074395, at *20 (citing *Peregrine Semiconductor Corp.*, 2012 WL 2068728, at *8). The location of physical documents and physical evidence, in particular, still informs a court's assessment of whether to transfer.

In this case, almost all documentary and physical evidence is located in the District of Columbia. In evaluating this factor, the Court finds it weighs slightly in favor of transfer.

### 5. Familiarity of Each Forum with Applicable Law

In evaluating the interest of justice in transfer, courts consider whether the case will have a judge "who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Although not dispositive, the interest of judicial economy favors transfer to a court already familiar with the law to be applied. Plaintiffs bring claims under the FTCA including assault and battery, negligence, and wrongful death. The FTCA "incorporates substantive state law as federal law to determine liability" such that it generally applies the substantive law where the act or

omission occurred. *Bennett v. United States*, 44 F.4th 929, 935–36 (9th Cir. 2022). The tort and negligence law of the District of Columbia would therefore apply to this case.

Plaintiffs contend the substantive law applicable to this case is essentially the same in both California and the District of Columbia. The Court cannot be so certain. While the Court can imagine many of the features of California tort law are reflected in D.C. tort law, the Court cannot assume the laws of each jurisdiction are identical. And while this Court can apply the laws of other states or territories where necessary, the District Court for the District of Columbia could more efficiently and with greater familiarity apply local law. *See Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1043–44 (S.D. Cal. 2023) (noting while "courts within the District of Idaho are competent to apply California law," a California district court is more familiar with California law than courts in other states).

Because the District Court for the District of Columbia has greater familiarity with the applicable substantive law, this factor weighs slightly in favor of transfer.

### 6. Local Interest in the Controversy

"This factor takes into account the current and transferee forums' interests 'in having localized controversies decided at home.'" *Hangzhou Chic Intelligent Tech. Co. v. Swagway LLC*, No. 16-CV-04804-HSG, 2017 WL 1425915, at *4 (N.D. Cal. Apr. 21, 2017) (quoting *Decker Coal Co.*, 805 F.2d at 843). "[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citation omitted).

Plaintiffs contend there is local interest in the controversy because Ashli Babbitt resided in San Diego, California, and had no connection to the District of Columbia. This misapprehends the nature of this factor. This aspect looks not to the parties' connections to the forum but rather the "significant connections between a particular venue and the events that gave rise to a suit." *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010), *as amended* (Jan. 13, 2011)). The death of Ashli Babbitt occurred in the District of Columbia. The events giving

rise to her death occurred in the District of Columbia. As such, the District of Columbia has a much stronger local interest in this action than California.

Plaintiffs argue they face possible prejudice and injustice in transferring to the District of Columbia such that a transfer would be against the interest of justice. As evidence of possible prejudice, Plaintiffs submit comments by a federal judge in the District of Columbia that purportedly demonstrate his bias against the merits of Plaintiffs' case. The Court finds this argument is unavailing. The Court has full confidence Plaintiffs can receive a fair trial if this case is transferred to the District of Columbia.

Because the District of Columbia has a strong local interest in the controversy, this factor weighs in favor of transfer.

### 7. Consolidation of Other Claims

"An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Callaway Golf Co. v. Corp. Trade, Inc.,* No. 09-CV-384 L(POR), 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010) (citation omitted). "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.,* 503 F.2d 384, 386–87 (9th Cir. 1974) (citations omitted).

There are no related actions pending in the District of Columbia. Plaintiffs have a Freedom of Information Act ("FOIA") suit pending against the U.S. Department of Justice in this forum; however, this suit does not appear to be sufficiently related to the instant action to weigh against transfer. *See Est. of Ashli Babbitt v. U.S. Dep't of Justice*, No. 3:24-CV-00119-LL-LJB (S.D. Cal. filed Jan. 17, 2024). First, the FOIA suit relates to broad requests for any and all Federal Bureau of Investigation records related to Ashli Babbitt or Aaron Babbitt. It is not apparent that those records relate to the facts underlying this action. Second, judicial economy would not be improved by not transferring or consolidating the actions. The cases involve distinct legal questions and distinct discovery.

Because there are no sufficiently related actions to consolidate in either forum, this factor is neutral with respect to transfer.

### 8. Relative Court Congestion

Minding judicial economy and expected time for relief for plaintiffs, courts look to the relative congestion of each forum's docket in assessing a motion to transfer. "The real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) (citations omitted). In general, docket congestion is given "little weight in this circuit in assessing the propriety of a § 1404(a) transfer." *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1134.

Examining the U.S. District Court caseload statistics, there are a commensurate number of civil filings in the District of Columbia and the Southern District of California. While the Southern District of California has significantly more criminal filings, the average time to trial for civil cases is largely the same in both districts. *See* Admin. Office of U.S. Courts, *Federal Court Management Statistics* (Dec. 31, 2023), available at https://www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics. Accordingly, this factor is neutral with respect to transfer.

### 9. Summary

Weighing these factors in total, Plaintiffs have a strong interest in litigating in their chosen forum. However, because the events giving rise to this action occurred in the proposed transferee forum, Defendant has a less significant burden of demonstrating that a transfer is warranted. Considering the convenience to party and non-party witnesses, local interest in the controversy, and ease of access of sources of proof, the Court concludes Defendant has met its burden of demonstrating that a transfer is justified "for the convenience of parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a).

//
//

- 13 -

24cv0033

IV. **CONCLUSION**

Accordingly, the Court **GRANTS** Defendant's motion to transfer venue. (ECF No. 5.) **IT IS THEREFORE ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the District of Columbia.

**IT IS SO ORDERED.**

DATED: June 10, 2024

Hon. Cynthia Bashant
United States District Judge